FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Jan 08, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES KINGSTON, | No. 2:14-CV-00275-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S |
| v. | MOTION FOR SUMMARY JUDGMENT |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 16, 17. Attorney Dana C. Madsen represents James B. Kingston (Plaintiff); Special Assistant United States Attorney Christopher J. Brackett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

### JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on March 23, 2011, Tr. 81-82, alleging disability since August 24, 2007, due to bipolar I disorder, hypomania, and "problems related to [s]ocial [e]nvironment." Tr. 214, 268. The applications were

denied initially and upon reconsideration.  Tr. 138-141, 143-147.  Administrative Law Judge (ALJ) Moira Ausems held a hearing on March 14, 2013, at which Plaintiff, represented by counsel, psychological medical expert (ME) Thomas McKnight, Jr., Ph.D., and vocational expert (VE) Diane K. Kramer testified.  Tr. 12-75.  At the hearing, Plaintiff amended his alleged onset date to January 1, 2011.  Tr. 27-28.  The ALJ issued an unfavorable decision on May 13, 2013.  Tr. 124-132.  The Appeals Council denied review on July 2, 2014.  Tr. 1-3.  The ALJ's May 13, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on August 19, 2014.  ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 40 years old at the amended date of onset.  Tr. 214.  Plaintiff has a high-school diploma and attended some college, but has no degree.  Tr. 39-40.  He last worked at the front desk of the Ramada Inn from August 2010 to January of 2011.  Tr. 25-26.  In addition to front desk work, Plaintiff has past work as a security guard.  Tr. 69, 269.

At the administrative hearing, Plaintiff described mental health impairments causing anxiety, lack of concentration, racing thoughts, panic attacks, and suicide attempts.  Tr. 50-53, 63.

On November 22, 2011, John F. Robinson, Ph.D., a State agency reviewer, opined that Plaintiff was capable of simple repetitive work as well as complex tasks.  Tr. 108-109.  He concluded that Plaintiff would have some attention and concentration issues episodically due to fluctuation in moods and would do best in jobs with limited contact with the general public and co-workers.  Tr. 109.

On April 4, 2012, John Arnold, Ph.D., completed a

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

Psychological/Psychiatric Evaluation for the Washington State Department of Social and Health Services. Tr. 1367-1373. Dr. Arnold opined that Plaintiff had the following functional abilities:

> [Plaintiff] will be able to remember locations and simple work like tasks. He will be able to understand, remember, and carry out simple verbal and written instructions. He will be able to concentrate and attend for short periods. He will be able to ask simple questions, request assistance and accept instructions. He will be able to adhere to basic standards of neatness and cleanliness.

Tr. 1368.

At the March 14, 2013, hearing, Dr. McKnight testified that Plaintiff's difficulty was caused by drug and alcohol problems, and he did not meet or equal a listing. Tr. 36.

On June 21, 2013, after the ALJ's decision, Plaintiff returned to Dr. Arnold for a second evaluation. Dr. Arnold diagnosed Plaintiff with Bipolar Disorder, NOS by history, Personality Disorder, with Antisocial, Schizoid & Dependent Features, and rule out Borderline Intellectual Functioning. Tr. 316. Then Dr. Arnold completed a Mental Medical Source Statement in which he opined that Plaintiff had five moderate, four marked, and one severe limitation in his mental functional abilities. Tr. 318-320.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put

1   another way, substantial evidence is such relevant evidence as a reasonable mind

2   might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S.

3   389, 401 (1971). If the evidence is susceptible to more than one rational

4   interpretation, the court may not substitute its judgment for that of the ALJ.

5   *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial

6   evidence will be set aside if the proper legal standards were not applied in

7   weighing the evidence and making the decision. *Brawner v. Secretary of Health*

8   *and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence

9   supports the administrative findings, or if conflicting evidence supports a finding

10  of either disability or non-disability, the ALJ's determination is conclusive.

11  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

13      The Commissioner has established a five-step sequential evaluation process

14  for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a),

15  416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one

16  through four, the burden of proof rests upon the claimant to establish a prima facie

17  case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This

18  burden is met once a claimant establishes that physical or mental impairments

19  prevent him from engaging in his previous occupations. 20 C.F.R. §§

20  404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the

21  ALJ proceeds to step five, and the burden shifts to the Commissioner to show that

22  (1) the claimant can make an adjustment to other work, and (2) specific jobs exist

23  in the national economy which the claimant can perform. *Batson v. Comm'r of*

24  *Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If the claimant cannot make

25  an adjustment to other work in the national economy, a finding of "disabled" is

26  made. 20 C.F.R §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

28      On May 13, 2013, the ALJ issued a decision finding Plaintiff was not

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2011, the amended date of onset.  Tr. 126.

At step two, the ALJ determined Plaintiff had the following severe impairments:  substance induced mood disorder versus bipolar affective disorder and polysubstance disorder in self-reported remission since January 5, 2012.  Tr. 127.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  *Id.*

At step four, the ALJ assessed Plaintiff's residual function capacity (RFC) and determined he could perform a full range of work at all exertional levels but had the following nonexertional limitations: "the claimant is able to perform simple, routine tasks that do not involve more than brief superficial contact with the general public, or that do not involve performance of tasks requiring cooperative teamwork endeavors with co-workers."  Tr. 128.  The ALJ concluded Plaintiff was not able to perform his past relevant work.  Tr. 131.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of office cleaner I, electronics assembler, and sorter.  Tr. 131-132.  Thus, the ALJ determined Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 1, 2011, through the date of the ALJ's decision, May 13, 2013.[1]  Tr. 132.

---

[1]The ALJ's heading stating that "[t]he claimant has not been under a disability, as defined in the Social Security Act, from August 24, 2007, through the date of this decision" is clearly a typographical or scrivener's error, as the body of

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider Plaintiff's credibility, and (2) failing to properly weigh the medical source opinions in the record.

**DISCUSSION**

**A.    Credibility**

Plaintiff contests the ALJ's adverse credibility determination. ECF No. 16 at 10-13.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms. Tr. 129-130. As part of this determination, the ALJ found that there was evidence suggesting Plaintiff was malingering or misrepresenting. Tr. 129-130. To support this finding, the ALJ cites to personality assessment inventories (PAIs) performed on September 24, 2008, and August 24, 2010. Tr. 329-330, 342-343. Additionally, the ALJ states

_____

the ALJ's decision holds that Plaintiff amended his onset date to January 1, 2011, at the hearing. Tr. 124, 126.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

1  that "[t]he medical expert, Dr. McKnight, testified that the claimant had several

2  measures of feigning or malingering."  Tr. 130.

3       An ALJ's finding of malingering is sufficient to support an adverse

4  credibility determination under Ninth Circuit jurisprudence.  *See Benton v.*

5  *Barnhart,* 331 F.3d 1030, 1040 (9th Cir. 2003).  However, a finding of malingering

6  must be supported by affirmative evidence.  *Smolen,* 80 F.3d at 1283-1284.

7       As for the 2008 PAI, the "Validity" section of the report concluded that

8  "there is no evidence to suggest that the respondent was motivated to portray

9  himself in a more negative or pathological light than the clinical picture would

10  warrant."  Tr. 329.  Therefore, this report does not support a finding of

11  malingering.

12       The clinical interpretation of the 2010 PAI included the opinion that "it is

13  possible that the clinical scales may overrepresent or exaggerate the actual degree

14  of psychopathology."  Tr. 342.  However, this report predates the relevant time

15  period, which begins January 1, 2011.  Medical opinions that predate the alleged

16  onset of disability are of limited relevance.  *See Fair,* 885 F.2d at 600; *Carmickle*

17  *v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).  Therefore, this

18  report is not affirmative evidence to support a finding of malingering.

19       The ALJ's citation to Dr. McKnight's testimony that the record contained

20  several measures of feigning or malingering is also not sufficient to make a finding

21  of malingering.  At the March 2014 hearing, Dr. McKnight's testimony regarding

22  malingering revolved around the 2008 and 2010 PAIs and the MMPI-2

23  administered in August 2010.  Tr. 33.  All these tests were administered prior to

24  the alleged onset date.  Therefore, Dr. McKnight's testimony regarding these tests

25  are of limited relevance.  *See Fair,* 885 F.2d at 600; *Carmickle*, 533 F.3d at 1165.

26  The Court finds Dr. McKnight's testimony is not affirmative evidence to support a

27  finding of malingering.

28       The ALJ failed to support her finding of malingering with affirmative

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

evidence that pertained to the relevant time period.  Therefore, the ALJ is required to provide specific, clear and convincing reasons to support her determination that claimant is less than fully credible.  *Smolen*, 80 F.3d at 1281.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms.  The ALJ reasoned that Plaintiff was less than credible because (1) his reported symptoms were inconsistent with clinical findings, (2) he was able to work during periods of sobriety, (3) his activities of daily living (ADLs) were inconsistent with his testimony, and (4) he inconsistently reported his drug use.  Tr. 129-130.

### 1.    Inconsistent with clinical findings

The ALJ's first reason for finding Plaintiff less than credible, that Plaintiff's reported mental health symptoms were not consistent with the clinical findings, Tr. 129, is not by itself a specific, clear and convincing reason to undermine Plaintiff's credibility.  Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here the ALJ provided several specific citations to clinical findings that were inconsistent with the claimant's reported symptoms:

> The claimant's reported mental health symptoms are inconsistent with clinical findings. For example, he had perfect scores (30/30) on mental status exams (Exhibits B1F/7, B12F/14). The claimant was able to recall 4 words after a short delay and calculate serial 3's and 7's (Exhibits B1F/7, B12F/14). The claimant was able to spell the word "world" forward and backward (Exhibit B1F/7). Medical expert, Thomas McKnight, PhD., testified that after reviewing the record, the claimant presented with no serious problems, and that his presentation was normal during the time that he was sober. For example, the claimant was noted to have no neurological problems (Exhibit 22F/36-38). The claimant's eye contact was good, and his behavior was appropriate (Exhibit B22F/8-9, 52, 59, 66-67). The claimant's speech, thought

process, and affect were normal (Exhibit B22F/8-9, 52, 59, 66-67). The claimant described his mood as 'fine' (Exhibit B22F/39). The claimant was noted to be oriented, have good judgment, and no suicidal ideation (Exhibit B22F/39). Although the claimant has alleged various side effects from the use of medications, the record indicates generally that those side effects are mild. Furthermore, the claimant reported that he liked his new medication changes, and was not experiencing any problems (Exhibit B22F/46-37, 49).

Tr. 129.

Plaintiff challenges the ALJ's determination by stating that the evidence relied upon by the ALJ is outside the relevant time period, referring to the amended onset date of January 1, 2011. ECF No. 16 at 13. However, the ALJ supported her finding with citations to clinical findings from both prior to and after the amended onset date. *See supra.* Therefore, the citations to the clinical findings during the relevant time period (January 1, 2011, to May 13, 2013) are sufficient to support the ALJ's determination that Plaintiff's symptom reports were inconsistent with the clinical findings.

## 2.    Work During Period of Sobriety

In discussing Plaintiff's credibility, the ALJ noted that during sobriety, Plaintiff "has been able to function in an unrestricted manner including performing work activity." Tr. 129. In support of this determination, the ALJ cited a summary of Plaintiff's earnings. Tr. 242.

The ability to work prior to disability onset is not a specific, clear and convincing reason to find Plaintiff less than fully credible. All jobs held by Plaintiff were prior to the date of onset. Tr. 25-26, 242. Therefore, the fact that Plaintiff worked outside the period of time he alleged he was unable to work is not a specific, clear and convincing reason to find the Plaintiff less than fully credible. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036-1037 (9th Cir. 2007) (a brief attempt to work outside the relevant time period that failed because of the claimant's impairments is not a clear and convincing reason the conclude the

claimant was not credible).

### 3.    Activities of Daily Living

In discussing Plaintiff's credibility, the ALJ states that psychiatric assessments shows Plaintiff had no restriction in his ability to perform activities of daily living.  The ALJ indicates Plaintiff "was able to drive, attend appointments and counseling sessions, and interact appropriately with others living in the sober house." Tr. 129.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Orn*, 495 F.3d at 639.  (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)).  A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

Here, the ALJ failed to provide the specificity required by *Reddick* or *Orn*. The ALJ did not identify what testimony was not consistent with what daily activities.  Additionally, the ALJ did not make any findings regarding any activities and their transferability to a work setting.  Therefore, the Court finds this reason does not meet the clear and convincing standard.

### 4.    Reported Drug Use

The ALJ's fourth reason for finding Plaintiff less than fully credible, that Plaintiff inconsistently reported his drug use, is not a specific, clear, and

1    convincing reason to undermine Plaintiff's credibility.

2         An ALJ may properly consider evidence of a claimant's substance use in

3    assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (the

4    ALJ's finding that claimant was not a reliable historian regarding drug and alcohol

5    usage supports negative credibility determination); *Verduzco v. Apfel*, 188 F.3d

6    1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning

7    alcohol or drug use can contribute to an adverse credibility finding).

8         In supporting her determination, the ALJ compared two statements by

9    Plaintiff:  (1) a psychological assessment dated September 24, 2008, in which he

10   denied using drugs until March 2007, Tr. 327, and (2) a counseling note from

11   December 14, 2012, in which he stated he had been using marijuana off and on

12   since he was a teenager.  Tr. 1614.  The ALJ concluded that these two statements

13   were contradictory and undermined Plaintiff's credibility.  Tr. 129.  Additionally,

14   the ALJ compared claimant's report on November 22, 2010, that he was spending

15   time with clean and sober friends, Tr. 1659, to reports from November 2, 2012, and

16   January 14, 2013, indicating that his significant other at the time was not sober.

17   Tr. 1596, 1631-1632.  The ALJ concluded these statements were contradictory and

18   also undermined Plaintiff's credibility.  Tr. 129.

19        Plaintiff challenges the ALJ's determination by asserting that (1) the

20   statements are outside of the relevant time period, and (2) the statements are not

21   contradictory, but instead reflect Plaintiff's struggle with substance abuse,

22   representing the sobriety/relapse cycle.  ECF No. 16 at 13.

23        First, the fact that some of the statements are outside the relevant time period

24   is irrelevant.  In determining a claimant's credibility, the ALJ may consider

25   "ordinary techniques of credibility evaluation, such as the claimant's reputation for

26   lying, prior inconsistent statements . . . and other testimony by the claimant that

27   appears less than candid."  *Smolen*, 80 F.3d at 1284.

28        As for the statements being contradictory, the first set of statements

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

compared by the ALJ are potentially inconsistent.  In March 2007, Plaintiff was 36 years old, therefore his statement that he did not use any drugs until age 36 is inconsistent with his statement that he used marijuana as a teenager.  But, the evaluation report only speaks to his use of alcohol and cocaine.  Tr. 327.  There is no evidence that the examiner inquired regarding marijuana.

The ALJ's second set of statements are not contradictory.  Plaintiff's statement that he was spending time with clean and sober friends was made two years prior to the records stating that his significant other was drinking.  These statements are not contemporaneous and, therefore, are not contradictory.

Considering the numerous errors in the ALJ's credibility determination, a new credibility determination is necessary.  Therefore, the case is remanded.

**B.   Evaluation of Medical Evidence**

Plaintiff contends that the ALJ gave improper weight to the opinions of Dr. McKnight and Dr. Robinson.  ECF No. 16 at 15.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830.  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn*, 495 F.3d at 631.  The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

The ALJ gave great weight to the opinions of Dr. Robinson, Dr. McKnight, and Dr. Arnold.  Tr. 131.

**1.    Dr. Robinson**

The ALJ gave Dr. Robinson's opinion "[s]ignificant weight" because "it is consistent with treatment records that show that while the claimant has some mood fluctuations, he was able to perform activities of daily living, including housework

ORDER GRANTING PLAINTIFF'S MOTION . . . - 12

and driving."

Plaintiff challenges the weight given to Dr. Robinson because (1) he never examined the Plaintiff, and (2) the records do not support the conclusion that he was able to perform activities of daily living.  ECF No. 16 at 15.

Pursuant to 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2), the ALJ is required to consider the opinion of the State agency psychological consultant and weigh his opinion using the factors set forth in 20 C.F.R. §§ 404.1527(c), 416.927(c).  While the Court recognizes that these factors require the ALJ to consider the examining relationship and the treating relationship, it also requires the ALJ to consider the supportability of the opinion and the provider's familiarity with the agency's disability programs and their evidentiary requirements.  *Id.*  Therefore, the examination of Plaintiff or the lack thereof is not a dispositive factor when assigning a medical opinion appropriate weight.

Second, Plaintiff asserts that the record supports a conclusion that he required supervision and monitoring.  ECF No. 16 at 15.  To support this assertion, Plaintiff cites to two locations in the record showing the distribution of Plaintiff's medication was supervised by Spokane Mental Health.  Tr. 927, 1378.  The ALJ supported her determination that Plaintiff was able to perform activities of daily living by citations to record as well.  Tr. 130.  These citations reveal that Plaintiff was able to drive, was actively looking for work, was capable of taking his own medication, was in charge of assigning chores to residents, and was completing chores himself.  Tr. 990, 992, 997 1189-1193.  Here, there is evidence to support both Plaintiff's assertion and the ALJ's finding.  Therefore, the Court will not disturb the ALJ's conclusion.  *See Tackett*, 180 F.3d at 1097 (if the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ).

Therefore, the law and the evidence of record supports the substantial weight given to Dr. Robinson's opinion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.    Dr. McKnight

Next, the ALJ gave Dr. McKnight's opinion "significant weight" because "it is based on a comprehensive review of the record, and is consistent with other evidence which showed that when the claimant is abstaining from substance use, his mental health symptoms improved." Tr. 130. Plaintiff challenges the weight given to Dr. McKnight's opinion because (1) he disregarded evidence, and (2) he relied heavily upon records outside the relevant period. ECF No. 16 at 15-16.

First, Plaintiff asserts that Dr. McKnight disregarded the records from Spokane Mental Health showing that Plaintiff needed his medication administration supervised. ECF No. 16 at 15. There is no evidence to support Plaintiff's assertion that Dr. McKnight ignored evidence from Spokane Mental Health. In fact, Dr. McKnight supported his opinion by referencing records from Frontier Behavioral Health, which was the same facility as Spokane Mental Health, just under a new name. Tr. 19, 36. Therefore, Dr. McKnight's testimony does not support Plaintiff's assertion that he disregarded evidence.

Second, Plaintiff asserts that Dr. McKnight relied on records from outside the relevant period. EFC No. 16 at 16. Dr. McKnight's testimony was based on the record before him, which contained records from before and after Plaintiff's amended date of onset. In his testimony, Dr. McKnight, cited to medical evidence that is both prior to and after the January 1, 2011, amended date of onset. Tr. 30-36. The Court acknowledges that Dr. McKnight's testimony considered evidence from before and after Plaintiff's amended date last insured, but since the case is being remanded for a new credibility determination, the ALJ is instructed on remand to call a new ME and clearly define the relevant time period for the ME prior to taking testimony from the ME.

## 3.    Dr. Arnold

The ALJ gave "significant weight" to the March 7, 2012, opinion of Dr. Arnold finding the opinion was consistent with other opinions in the record and

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14

that "while [Plaintiff] does have some limitations, he is able to complete his activities of daily living, including attending support groups and medical appointments." Tr. 130. Plaintiff's initial briefing, EFC No. 16, does not challenge the weight given to this opinion.

Notably, in his reply brief, Plaintiff asserts that the ALJ disregarded Dr. Arnold's July 8, 2013, Mental Medical Source Statement that was completed following a second evaluation by Dr. Arnold on June 21, 2013. ECF No. 18 at 6; Tr. 312-321. Both the second evaluation and the Mental Medical Source Statement were completed after the ALJ's May 13, 2013, decision and were not discussed by the Appeals Council in the denial of Plaintiff's request for review. Tr. 1-4.

On remand, the ALJ will weigh the additional opinion from Dr. Arnold and explain the weight provided to each opinion in the record.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See*

*Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to determine Plaintiff's credibility regarding his symptom reporting and to consider and weigh all the opinions in the record. Upon reevaluating Plaintiff's credibility and the opinions in the record, the ALJ will provide a new RFC and call a vocational expert to testify regarding steps four and step five.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**, in part, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.    Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for PLAINTIFF** and the file shall be **CLOSED**.

DATED January 8, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 16